■ In the Matter of GERALD M. YAVNER, Petitioner, v. JULE M. SUGARMAN, as Commissioner of Social Services of the City of New York, Respondent.— Determination of respondent Commissioner of Social Services, dated March 17, 1971, dismissing petitioner from his position as a caseworker, unanimously annulled, on the law, without costs and without disbursements, and the matter remanded to the Commissioner for rehearing and reconsideration. The evidence at the hearing consisted of documentary exhibits of the Criminal Court proceedings wherein the petitioner pleaded guilty to violation of subdivision 1 of section 240.25 of the Penal Law (harassment). This was not the original crime alleged of endangering the welfare of a minor (§ 260.15). The plea then was not to the morals aspect of the complaint, and this is made clear in the minutes of the plea. The petitioner testified at this hearing before the Commissioner and denied the morals charge. Since there was no corroboration of the documentary evidence, respondent, in relying on this hearsay evidence, has not met the burden of "substantial evidence". (Cf. *Matter of Erdman* v. *Ingraham*, 28 A D 2d 5.) The witnesses necessary to respondent's case can be presented on any subsequent hearing to afford the petitioner the right to controvert the charges against him at a fair and complete hearing. Concur— Stevens, P. J., McGivern, Markewich, Nunez and Murphy, JJ.

■ In the Matter of the Arbitration between MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, and LUIS CUEVAS et al., Respondents. — Order, Supreme Court, New York County, entered on November 16, 1970, denying petitioner's motion to stay arbitration, unanimously affirmed. Respondents shall recover of appellant $30 costs and disbursements of this appeal. Special Term erred in finding that "this proceeding was sought to be commenced by service by ordinary mail on the claimants and their counsel" and, in concluding, based on such finding, that there was a failure to comply with the requirements of CPLR 7503 (subd. [c]). The record demonstrates that service of the motion to stay arbitration was made upon both claimants by certified mail, return receipt requested, as provided for in CPLR 7503 (subd. [c]). Such service, alone, was sufficient and the fact that claimants' attorney was served by ordinary mail is of no significance, since any service upon him, under the circumstances, was unnecessary. However, the petition in support of this application is devoid of any evidentiary facts whatsoever warranting a hearing on the issue of validity of disclaimer. "In short, MVAIC has not sustained its burden of tendering a factual issue requiring a trial. It has rested its position on a conclusory presentation, when it should have disclosed sufficient evidentiary proof". (*Matter of Fuscaldo [MVAIC]*, 24 A D 2d 744, 745.) Concur — Stevens, P. J., McGivern, Markewich, Nunez and Capozzoli, JJ.